Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

*Attorneys for Plaintiff*
Marcus Grayson

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **MARCUS GRAYSON, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**FIFTH GENERATION, INC., d.b.a. TITO'S HANDMADE VODKA ,**<br><br>Defendant. | Case No.:<br><br>**[CLASS ACTION]**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO NRS 598 ET SEQ.; NRS 41.600 ET SEQ.; NRS 207 ET SEQ.; NEGLIGENT MISREPRESENTATION AND INTENTIONAL MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. This is a Nevada statewide class action complaint brought by MARCUS GRAYSON ("Plaintiff"), individually and on behalf of all others similarly situated, to challenge the actions of FIFTH GENERATION, INC., d/b/a TITO'S HANDMADE VODKA ("Defendant"), with regard to Defendant's false and misleading promotion of its vodka. Defendant manufactures, markets, and/or sells its "Tito's Handmade Vodka" to Nevada consumers and the general public with the false representation that the product is "Handmade" when in fact Defendant's vodka is manufactured using mechanized and/or automated processes, which involves little to no human supervision, assistance or involvement.

2. Defendant labels the vodka products it manufactures and sells as "Handmade." However, contradictory to the "Handmade" and "Crafted in an Old Fashioned Pot Still" representation on the label of Defendant's vodka, Defendant's manufacturing process actually employs mechanized and/or automated machinery and processes to manufacture and bottle its vodka, rather than human hands.

3. Defendant attaches these untrue and misleading labels to all of the vodka bottles it markets and sells throughout the state of Nevada and throughout the United States.

4. The nationwide advertising, promotion, marketing, packaging and selling of Defendant's deceptively labeled products constitutes: a violation of Nevada's Deceptive Trade Practices Act ("NDTPA"), NRS 598 et seq., and Nevada's False Advertising Law ("FAL"), NRS 207 et seq.; NRS 41.600 et seq.; and negligent and intentional misrepresentation. This conduct caused Plaintiff damages, and requires restitution and injunctive relief to remedy and/or prevent further damages.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

6. Defendant's conduct as alleged herein violates several Nevada State laws, as alleged more fully herein.

7. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

9. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of Nevada while Defendant is a corporation incorporated under the laws of the State of Texas.

10. Based upon information and belief, Plaintiff alleges that Defendant has shipped approximately 1.2 million 9-liter cases of vodka in 2013. Based upon the high advertised price of Defendant's product and its nationwide availability, Plaintiff are informed, believe, and thereon allege the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d) for a diversity jurisdiction class action.

11. This Court has personal jurisdiction over Defendant because Defendant does business in the State of Nevada, is incorporated in the State of Texas, has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action took place in Nevada.

Further, Defendant is registered with the Nevada Secretary of State as a foreign corporation.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Clark, State of Nevada.

14. Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Texas, doing business within the State of Nevada.

## NATURE OF ACTION

15. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times, relevant, Defendant manufactured, marketed, and/or sold its "Tito's Handmade Vodka" with labels that prominently claimed Defendant's vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still."

17. At all times relevant, Defendant made, and continues to make, affirmative misrepresentations regarding the vodka it manufactures, markets and sells. Specifically, Defendant packaged, advertised, marketed, promoted, and sold its vodka, which was represented by Defendant to be "Handmade," to Plaintiff and other consumers similarly situated.

18. However, on information and belief, Defendant's vodka was and is not "Handmade," but rather manufactured and/or produced in "massive buildings containing ten floor-to-ceiling stills" and "bottling 500 cases an

hour" through the use of a mechanized and/or automated process, in contradiction of Defendant's claims prominently displayed on the label of its product that its vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still."[1]   Defendant's vodka is simply not "Handmade" as Defendant advertised to Plaintiff and other consumers similarly situated.[2]

19. Defendant advertises its product with the following label:




---

[1] An article appearing in the July 15, 2013 issue of Forbes Magazine entitled "The Troubling Success of Tito's Handmade Vodka" noted that the Forbes photographer was purposefully directed away by the Tito's brand manager from "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour and into the shack with the original still." (http://www.forbes.com/sites/meghancasserly/2013/06/26/haunted-spirits-the-troubling-success-of-titos-handmade-vodka)

[2] Merriam-Webster Dictionary defines the term "handmade" as "made with hands or by using hand tools" and Oxford Dictionary defines "handmade" as "made by hand, not by machine, and typically therefore of superior quality."

20. "Handmade" and "handcrafted" are terms that consumers have long associated with higher quality manufacturing and high-end products. This association and public perception is evident in the marketplace where manufacturers charge a premium for "handcrafted" or "handmade" goods. In the case of a 750 milliliter bottle of vodka, similar to the ones Defendant manufactures and sells, most commercially available vodkas range in price from as little as $11.95 to $36.99.[3] Defendant's purportedly "Handmade" 750 milliliter bottle of vodka is listed at $22.99.[4]

21. Defendant affixes identical labels on all its bottles of "Tito's Handmade Vodka" ("Tito's"). On these labels, the claim "**Handmade**" appears in large bold font on the front of the bottle. *See* ¶ 19. As a result, Defendant induces consumers to purchase, purchase more of, and pay more for its vodka on the basis it is of supposedly of superior quality and workmanship.

22. However, contrary to its misleading labeling, Defendant's vodka is predominately or entirely made by mechanized and/or automated processes, as learned through the 2013 Forbes article (*See* FN 1) and as will be further revealed through the discovery process.

---

[3] *See,* the price listing for "750 ML Vodka" on the website of BevoMo, a retailer of alcohol, and available at: http://www.bevmo.com/Shop/ProductList.aspx/Home/Vodka/_/D-750%20ml%20vodka/N-1z141wzZ1z141wy/Ntt-750%20ml%20vodka?DNID=Home&fromsearch=true&Ns=SalesPrice%7C1&Ntk=All

[4] *See,* http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Vodka/Tito-s/Tito-s-Handmade-Vodka/23353

23. Through the misleading labels on Defendant's vodka, Defendant marketed and represented to the general public that its vodka was "Handmade" and in doing so, concealed the mechanized and/or automated processes utilized by Defendant in manufacturing and bottling its vodka.

24. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers have purchased "Tito's Handmade Vodka" under the false impression that the vodka was of superior quality that its non-handmade counterparts by virtue of being "Handmade" and thus worth a significantly higher price as compared to other similar vodkas.

25. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the identical labels were prominently placed on all of the Tito's vodka bottles that were sold, and are currently being sold, throughout the U.S. and the State of Nevada.

26. As a result of Defendant's misrepresentations regarding its Tito's Handmade Vodka, Plaintiff and other consumers similarly situated overpaid for the product, and/or purchased the product under the false believe that the vodka they purchased was of superior quality since it was allegedly "Handmade." Had Plaintiff and other consumers similarly situated been made aware that Tito's vodka was not "Handmade" they would not have purchased the product, or would have paid less for it, or purchased different products.

27. As a result of Defendant's false and misleading statements, as well as Defendant's other conduct described herein, Plaintiff and other similarly situated consumers purchased thousands, if not millions, of bottles of Tito's vodka and have suffered, and continue to suffer, injury in fact including the lost of money and/or property.

28. Defendant's conduct as alleged herein violates several Nevada laws, as more fully set forth herein.

## FACTUAL ALLEGATIONS

29. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant manufactures, markets, and sells its "Tito's Handmade Vodka" with labels that prominently claimed Defendant's vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still." *See,* ¶ 19.

31. All of Tito's vodka bottles display a label prominently claiming the vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery." *See,* ¶ 19.

32. On December 18, 2014, Plaintiff Marcus Grayson purchased a bottle of Defendant's "Tito's Handmade Vodka", which displayed the offending label (*See* ¶ 19), for $ 18.77 from a Walmart store in Las Vegas, Nevada.

33. Based on the misrepresentations that Defendant's vodka was "Handmade," Plaintiff believed Tito's vodka was of superior quality by virtue of the

product being made by hand rather than by a machine, and relied upon said misrepresentations when purchasing Defendant's product.

34. Although Defendant claims its vodka is "Handmade," Tito's vodka is actually manufactured and bottled using mechanized and/or automated processes, with little to no human supervision, assistance or involvement as described herein.

35. Defendant, through its website, claims "Tito's Handmade Vodka is produced in Austin at Texas's first and oldest legal distillery.  It's made in batches in old fashioned pot stills by Tito Beveridge…and distilled six times." Also, near the bottom of the website displays a logo stating "Handcrafted in Texas" and boldly states "HANDCRAFTED TO BE SAVORED RESPONSIBLY." [5]

36. As a result of Defendant's misrepresentations regarding Tito's "Handmade" vodka, Plaintiff and other putative class members were induced into purchasing and overpaying for the product under the belief that Defendant's vodka was of superior quality because it was "Handmade." Had Plaintiff and putative class members been made aware that Tito's vodka was not in fact "Handmade" they would not have purchased the product, or would have paid less for it, or purchased a different product. Therefore, Plaintiff and

---

[5] http://www.titosvodka.com/our-vodka/

putative class members suffered injury in fact and lost money and/or property as a result of Defendant's conduct complained of herein.

37. During the "Class Period," as defined below, Plaintiff and other similarly situated consumers were exposed to and saw Defendant's advertising, marketing, and labeling claims disseminated by Defendant for the purpose of selling goods. Plaintiff and putative class members purchased Defendant's product in reliance on these claims, and thereby suffered injury in fact and lost money and/or property as a result of Defendant's unfair, misleading and unlawful conduct described herein.

38. In making the decision to purchase a Tito's vodka, Plaintiff relied upon Defendant's advertisements and/or other promotional materials prepared and approved by Defendant and/or its agents and disseminated through its product's packaging and labeling displaying the false and/or misleading misrepresentations herein alleged.

39. Producing consumer goods by means of mechanized or automated process has long be touted as a cheaper way to "mass produce" consumer goods. By utilizing machines to produce goods, manufacturers are able to make more goods in a shorter period of time at a lower cost. Mechanization of course sacrifices quality, as machines cannot exercise the skill and care of a human craftsman. Undoubtedly, every consumer would prefer to purchase a higher quality product, however, many are not able or willing to pay for such

quality. The demand for higher quality products has always existed amongst consumers, thus manufacturers market their products to those seeking higher quality goods and demand a premium price for that quality.

40. Defendant seeks to capitalize on consumers' preference for higher quality vodka, and to that end, has intentionally marketed its product as "Handmade." *See* ¶ 19.

41. Defendant is aware that consumers are willing to pay more for products of higher quality; and for that reason Defendant has marketed its vodka as "Handmade" induce the purchase of its product, sell a greater volume of its product, and to sell Defendant's product at a higher price in comparison to competitors' products.

42. Defendant's misleading advertising is publicly disseminated on a widespread and continuous basis during the Class Period as the offending label containing the bold and conspicuously placed "Handmade" text was affixed to all of Defendant's vodka bottles sold by Defendant throughout the State of Nevada and throughout the United States.

43. Defendant's label was untrue, false, and misleading to Plaintiff and all similarly situated putative class members as a reasonable consumer would have interpreted Defendant's claims according to their common meaning. (*See* FN 2). Therefore, the reasonable consumer would have been misled

into believing Tito's vodka was made *by hand* and therefore of superior quality when it is in fact not "Handmade" as Defendant claims.

44. Defendant knew, or in the exercise of reasonable care should have known, its labels were misleading. Defendant could have easily omitted the large bold text "Handmade" from its vodka labeling. However, Defendant deliberately chose to insert such text and intentionally or negligently retained that false claim within its product's labeling for the purpose of selling its product.

45. Defendant made an intentional strategic and tactical decision to deceive consumers with the intent of reaping the financial benefit of the false, misleading, and deceptive advertising regarding the mechanized and/or automated means it employs in the manufacturing of its products, intentionally capitalizing on a reasonable consumer's trust in a nationally branded company perceived to supply quality "Handmade" vodka.

### FIRST CAUSE OF ACTION FOR VIOALTION OF NRS 598 ET SEQ. (NDTPA)

46. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

47. NRS 598, the Nevada Deceptive Trade Practices Act ("NDTPA"), defines a deceptive trade practice as, in the course of his or her business or occupation, he or she, including companies:

- Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale...NRS 598.0915(5)

- Represents that goods or services for sale or lease are *of a particular standard, quality or grade, or that such goods are of a particular style or model*, if he or she knows or should know that they are of another standard, quality, grade...NRS 598.0915(7) (emphasis added)

- Knowingly makes any other false representation in a transaction. NRS 598.0915(15)

- Fails to disclose a material fact in connection with the sale or lease of goods or services. NRS 598.0923(2)

- Violates a state or federal statute or regulation relating to the sale or lease of goods or services. NRS 598.0923(3)

- Makes an assertion of scientific, clinical or quantifiable fact in an advertisement which would cause a reasonable person to believe that the assertion is true, unless, at the time the assertion is made, the person making it has possession of factually objective scientific, clinical or quantifiable evidence which substantiates the assertion. NRS 598.0925(1)(a)

48. Defendant violated NRS 598.0915(5) and NRS 598.0915(15) by knowingly making a false representation that its vodka is "Handmade" when it is not.

49. Defendant violated NRS 598.0915(7) when it represented its vodka as "Handmade" when Defendant knew its vodka is produced using a mechanized process, thus representing Tito's "Handmade" Vodka as a different, higher quality standard ("Handmade") than it actually was, in attempt to induce Plaintiff and others similarly situated into purchasing the product.

50. Defendant violated NRS 598.0923(2) by failing to disclose to Plaintiff and others similarly situated a material fact, that Tito's Vodka is produced using a mechanized process rather than being "Handmade", thereby inducing the purchase of Tito's Vodka on the reliance that it is "Handmade."

51. Defendant violated NRS 598.0923(3) when it violated Nevada's False Advertising Law ("FAL"), NRS 207 *et seq.*, discussed more fully herein.

52. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

53. The fraudulent, unlawful and deceptive business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to be misled into purchasing Tito's "Handmade" Vodka, and likely consuming it, on false premises.

15

54. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, the Tito's "Handmade" Vodka product, due to the unlawful acts of Defendant.

55. Thus, Defendant caused Plaintiff and other members of the Class to purchase Tito's "Handmade" Vodka on false premises during the Class Period.

56. Defendant has engaged in unlawful, unfair and deceptive business acts or practices, entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.

57. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair and deceptive competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured because they overpaid for Tito's "Handmade" Vodka, since the value of the supplement was diminished at the time of sale. Plaintiff and members of the class have been injured because, had they been made aware that the product was produced through a mechanized process rather than being "handmade", they would not have purchased the product, would have paid less for it, or purchased a different brand of vodka.

16

58. Defendant, through its acts of unfair competition, has unfairly acquired money from Plaintiff and members of the putative class. It is impossible for the Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of the Defendant's books and records. Plaintiff requests that this Court restore this money and enjoin Defendant from continuing to violate NRS 598 *et seq.*, as discussed above.

59. Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers residing within Nevada, will continue to be exposed to and damaged by Defendant's unfair and deceptive competition.

60. Plaintiff also seeks an order requiring Defendant to undertake a public information campaign to inform members of the putative class of its prior acts or practices in violation of the law as alleged herein.

61. Plaintiff further seeks an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

**SECOND CAUSE OF ACTION FOR VIOALTION OF**
**NRS 41.600 ET SEQ.**
**(Nevada's Consumer Fraud Law)**

62. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations.

63. Pursuant to NRS 41.600(1), an action may be brought by victims of

consumer fraud.

64. Consumer fraud is defined, in relevant part, as committing any deceptive trade practice as prohibited by NRS 598.0915 to 598.0925, inclusive. NRS 41.600(2)(e).

65. Thus, by violating NRS 598 *et seq.*, as described *supra*, Defendant committed consumer fraud in violation of NRS 41.600.

66. As a result of Defendant's actions, Plaintiff is entitled to (a) any damages sustained, and (b) costs and reasonable attorney's fees in bringing this action.

**THIRD CAUSE OF ACTION FOR VIOALTION OF
NRS 207 ET SEQ.
(Nevada's False Advertising Law)**

67. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

68. NRS 207.171 states, in relevant part:

> It is unlawful for any person, firm, corporation or association or any agent or employee thereof to use, publish, disseminate, display or make or cause directly or indirectly to be used, published, disseminated, displayed or made, in any newspaper, magazine or other publication, by any radio, television or other advertising medium, or by any advertising device, or by public outcry, proclamation, or declaration, or by any other manner or means, including but not limited to solicitation or dissemination...any statement which is known or through the exercise of reasonable care should be known to be false, deceptive or misleading in order to induce any person to purchase...personal property...or to enter into any obligation or transaction relating thereto...

69. NRS 207.173 goes further, stating that any action may be brought pursuant to NRS 207.170 to 207.177, inclusive, that the statement referred to in NRS 207.171 has a *tendency to deceive or mislead the public* because of its false or deceptive or misleading character even though no member of the public is actually deceived or misled by such statement.

70. The misrepresentations, acts and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violate NRS 207 *et seq*.

71. At all times relevant, Defendant's advertising and promotion regarding its "Handmade" vodka was untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and Nevada consumers similarly situated by representing that its vodka was "Handmade" when in fact Defendant knew and failed to disclose that the product is produced using a mechanized process rather than being made by hand.

72. Defendant engaged in the false and/or misleading advertising and marketing alleged herein with the intent to directly or indirectly induce the purchase of Tito's Vodka.

73. In making and disseminating the statements and/or omissions alleged herein, Defendant knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of NRS 207 *et seq*.

74. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's False Advertising, as more fully set forth herein. Plaintiff and members of the class have been injured because they overpaid for Tito's Handmade Vodka, since the value of the vodka was diminished at the time of sale. Plaintiff and members of the putative class have been injured because had they been made aware that the produced using a mechanized process rather than "handmade" as Defendant claims, they would have not purchased the supplement, would have paid less for it, or would purchased different product.

75. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of untrue and misleading advertising and promotion of Tito's Handmade Vodka, as defined by NRS 207 et seq., by engaging in the false advertising and promotion of its vodka as "handmade" on Defendant's product description and retailer's websites, as described above.

76. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to mislead consumers to purchase Tito's Handmade Vodka on false premises.

77. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold

monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, the Tito's Handmade Vodka product, due to the unlawful acts of Defendant, during the Class Period.

78. Thus, Defendant is liable for a civil penalty of $2,500 for each of its false advertisements, pursuant to NRS 207.174.

## FOURTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

79. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

80. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Tito's Handmade Vodka is "handmade" rather than produced using a mechanized process, as described above.

81. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Tito's Handmade Vodka.

82. Plaintiff and other similarly situated persons in Nevada saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the products, as described above.

83. At all times relevant, Defendant made the misrepresentations herein alleged, Defendant had no reasonable ground/s for believing the representations to be true.

84. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for, the Tito's Handmade Vodka product, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

**FIFTH CAUSE OF ACTION**
**FOR INTENTIONAL MISREPRESENTATION**

85. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations.

86. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant intentionally represented to the public, including Plaintiff, by advertising and other means, that Tito's Handmade Vodka is "handmade" rather than produced using a mechanized process, on Defendant's bottles and website, as described above. Defendant's representations were untrue.

87. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Tito's Handmade Vodka.

88. Plaintiff and other similarly situated persons in Nevada saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the products, as described above.

89. At all times relevant, when Defendant made the misrepresentations herein alleged, Defendant knew the representations to be false.

90. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's product.

91. Plaintiff is informed, and believes, and thereupon alleges, that Defendant knew that its vodka was not made by hand, and intended that consumers and the unknowing public should rely on their representations. Plaintiff and other consumers similarly situated, in purchasing and using the products as herein alleged, did rely on Defendant's representations, all to their damage and/or detriment as herein alleged. By engaging in said acts, Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

## CLASS ACTION ALLEGATIONS

92. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

93. Plaintiff represents, and is a member of the Class, consisting of:

1
2

> All persons within Nevada who purchased Tito's
> Handmade Vodka within four years prior to the filing
> of the Complaint in this action.

3
4
5
6
7
8
9

94. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

10
11
12
13

95. *Ascertainability.* The members of the Class are readily ascertainable by resort to Defendant's records and/or Defendant's agent's records regarding retail and online sales, as well as through public notice.

14
15
16
17
18

96. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains tens of thousands of members.

19
20
21
22
23
24
25

97. This suit seeks only damages for recovery of actual and statutory injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26
27
28

98. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the

parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

99. ***Existence and Predominance of Common Questions of Law and Fact.*** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Tito's Handmade Vodka is made by hand or a mechanized process;

   b. Whether Defendant's claims and representations above are untrue, or are misleading, or reasonably likely to deceive;

   c. Whether Defendant's conduct is an unlawful, deceptive act or practice within the meaning of NRS 598;

   d. Whether Defendant's advertising is untrue or misleading in violation of NRS 598;

   e. Whether Defendant's advertising is untrue or misleading in violation of NRS 207;

   f. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the

Class;

g.  Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

h.  Whether Plaintiff and proposed members of the Class are entitled to injunctive relief sought herein.

100. ***Typicality.*** Plaintiff, like members of the proposed Class Plaintiff seeks to represent, purchased Tito's Handmade Vodka after exposure to the same material misrepresentations and/or omissions appearing in the product advertising and marketing, and received a product that was produced through a mechanized process rather than being made by hand, as advertised by Defendant. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

101. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

102. Further, Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

103. *Adequacy of Representation.* Plaintiff has retained counsel experienced in handling class action claims and consumer protection law. Plaintiff has no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of the Plaintiff and proposed Class.

104. *Superiority*. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation

necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- Certifying the Class as requested herein;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue advertising, marketing, packaging and otherwise representing Tito's vodka as "handmade"; (ii) disclose exactly how Tito's Handmade Vodka is produced; (iii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices; and (iv) correct any erroneous impression consumers may have derived concerning the nature,

characteristics, or qualities and quantities of Defendant's product, including without limitation, the placement of corrective advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- Prejudgment and post judgment interest;

- Special, general, and compensatory damages to Plaintiff and the Class for negligent and/or intentional misrepresentations

- An award of actual damages, in an amount to be determined at trial, pursuant to NRS 41.600(3)(a), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to NRS 41.600(3)(b), against Defendant;

- An award of $2,500 to named Plaintiff for Defendant's false advertisement, pursuant to NRS 207.174, against Defendant; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

105. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 26, 2015                                    Respectfully submitted,


                                         BY:  /S/ DANNY HOREN_____
                                              DANNY J. HOREN, ESQ.
                                              NV BAR NO. 13153
                                              KAZEROUNI LAW GROUP, APC
                                              ATTORNEYS FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE